IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| QGP, LLC,<br>  Plaintiff,<br><br>vs.<br><br>HELLO HIGH GROUP, LLC and<br>MARCELLE FORREST,<br>  Defendants. | Case No. 4:25-cv-60<br><br>COMPLAINT<br>AND JURY DEMAND |

Plaintiff, QGP, LLC, ("QGP") by and through counsel, for its Complaint against defendants Hello High Group, LLC and Marcelle Forrest (collectively "Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action seeking injunctive and monetary relief for Defendants' intentional infringement of QGP's copyright in a stylized marijuana leaf design (the "Copyrighted Work").

2. QGP makes and sells food grade silicone and polycarbonate molds for cooking and baking applications.

3. QGP is the owner of all copyright rights in the Copyrighted Work. Plaintiff has sold thousands of molds incorporating the Copyrighted Work under the brand PJ Bold domestically and internationally on platforms such as Amazon, Etsy, and Plaintiff's own website, www.pjbold.com. Plaintiff owns a federal registration for the Copyrighted Work, which it obtained on October 25, 2019.

4. All of the claims asserted herein arise out of and are based on Defendants' copying, reproduction, distribution, and sale of silicone molds that are substantially similar to Plaintiff's

Copyrighted Work. Plaintiff sues for copyright infringement under the United States Copyright Act of 1976, as amended (the "Copyright Act"), 17 U.S.C. § 101 et seq.

5. Plaintiff seeks all remedies afforded by the Copyright Act, including preliminary and permanent injunctive relief, Plaintiff's damages and Defendants' profits from Defendants' willfully infringing conduct, and other monetary relief.

## JURISDICTION AND VENUE

6. This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, and 1338(a) and (b), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

7. This Court has personal jurisdiction over Defendants because Defendants have substantial contacts in the State of Iowa related to the claims in this action, and Defendants purposely directed their wrongful conduct at QGP in the State of Iowa, knowing that the resulting harm likely would be suffered by QGP in the State of Iowa.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) and (b)(2), in that Defendant does business in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

9. Plaintiff is a limited liability company formed under the laws of the State of Missouri and does business in Iowa under the brand PJ Bold. Plaintiff promotes and sells nationwide a variety of food-grade silicone molds which are based on or incorporate the Copyrighted Work.

10. Defendant Hello High Group, LLC is a limited liability company organized under the laws of Maryland.

11. Defendant Marcelle Forrest is an individual who, upon information and belief, resides in Maryland.

## FACTS

### Plaintiff and its Copyrighted Work

12. Kelly Seuferer, owner of QGP, created the Copyrighted Work on or around May 14, 2015.

13. The Copyrighted Work is wholly original, and Plaintiff is the exclusive owner of all right, title, and interest, including all rights under copyright, in the Copyrighted Work.

14. QGP is the owner of valid and subsisting United States Copyright Registration No. VA 2-185-088 for the Copyrighted Work, issued by the United States Copyright Office on October 25, 2019.

15. QGP has distributed the Copyrighted Work by selling food grade silicone injection candy molds incorporating the Copyrighted Work on Amazon, Etsy, and QGP's website (www.pjbold.com). This distribution has been a tremendous success as QGP has sold thousands of such molds.

### Defendants' Unlawful Activities

16. Upon information and belief, Defendant is engaged in the sale of food-grade silicone molds and other cookware on Amazon and other online platforms.

17. Without Plaintiff's permission, Defendant has manufactured and/or sold silicone molds incorporating a leaf design that is substantially similar to the Copyrighted Work (the "Infringing Work").

18. The design of the Infringing Work is substantially similar to the Copyrighted Work.

19. Upon information and belief Defendant has sold the Infringing Work on Amazon.

20. On January 29, 2025, Plaintiff's counsel filed an infringement report pursuant to the Digital Millennium Copyright Act (DMCA) against Defendants' Amazon listing

(https://www.amazon.com/dp/B0DR6FCNCL), objecting to Defendants' unauthorized sale of the Infringing Work.

21. The following day, January 30, 2025, Plaintiff's counsel received via email confirmation from Amazon that Defendants' listing had been made inaccessible.

22. The same day, January 30, 2025, Defendants filed a counter-notice through Amazon, stating under penalty of perjury that it had a good faith belief that the listing had been removed by mistake or because of misidentification of the material.

23. Pursuant to 17 U.S.C. § 512(g)(2), Amazon will allow Defendants' listing to be accessible within 10 business days of the date Defendants filed the counter-notice, unless Plaintiff notifies Amazon that it has filed a lawsuit against him.

24. As a result of Defendants' actions described above, QGP has been directly damaged, and is continuing to be damaged, by the unauthorized reproduction, distribution, and sale of the Infringing Work. Defendants have never accounted to or otherwise paid QGP for its use of the Copyrighted Work.

25. Defendants' acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

## COUNT ONE
## Federal Copyright Infringement
## (17 U.S.C. § 501)

26. The Copyrighted Work is an original work of visual art containing copyrightable subject matter for which copyright protection exists under the Copyright Act, 17 U.S.C. § 101, *et. seq*. Plaintiff is the exclusive owner of rights under copyright in and to the Copyrighted Work. Plaintiff owns a valid copyright registration for the Copyrighted Work.

27. Through Defendants' conduct alleged herein, including Defendants' reproduction, distribution, and sale of the Infringing Work, which is copied from and substantially similar to Plaintiff's Copyrighted Work, without Plaintiff's permission, Defendant has directly infringed Plaintiff's exclusive rights in the Copyrighted Work in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

28. On information and belief, Defendants' infringing conduct alleged herein was and continues to be willful and with full knowledge of Plaintiff's rights in the Copyrighted Work, and has enabled Defendant illegally to obtain profit therefrom.

29. As a direct and proximate result of Defendants' infringing conduct alleged herein, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial. Pursuant to 17 U.S.C. § 504(b), Plaintiff is also entitled to recovery of Defendants' profits attributable to Defendants' infringing conduct alleged herein, including from any and all sales of the Infringing Work and products incorporating or embodying the Infringing Work, and an accounting of and a constructive trust with respect to such profits.

30. Alternatively, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for Defendants' infringing conduct/for each of Plaintiff's works that Defendant has infringed, and for such other amount as may be proper pursuant to 17 U.S.C. § 504(c).

31. Plaintiff further is entitled to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

32. As a direct and proximate result of the Defendants' infringing conduct alleged herein, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law. On information and belief, unless Defendants' infringing conduct is enjoined by this Court, Defendant will continue to infringe the Copyrighted

Work. Plaintiff therefore is entitled to preliminary and permanent injunctive relief restraining and enjoining Defendants' ongoing infringing conduct.

**WHEREFORE**, Plaintiff requests judgment against the Defendants as follows:

1. That Defendants have violated Sections 501 of the Copyright Act (17 U.S.C. § 501).
2. Granting an injunction temporarily, preliminarily, and permanently enjoining the Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:
   a. Manufacturing, distributing, marketing, advertising, promoting, displaying, or selling, or authorizing any third party to manufacture, distribute, market, advertise, promote, display, or sell the Infringing Work and any products, words, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.
   b. Reproducing, distributing, or publicly displaying the Copyrighted Work, creating any derivative works based on the Copyrighted Work, or engaging in any activity that infringes Plaintiff's rights in its Copyrighted Work; and
   c. Aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) or (b).
3. That Defendant be ordered to provide an accounting of Defendants' profits attributable to Defendants' infringing conduct, including Defendants' profits from sales of the Infringing

    Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Copyrighted Work.

4. That Defendant be ordered to destroy or deliver up for destruction all materials in Defendants' possession, custody, or control used by Defendant in connection with Defendants' infringing conduct, including without limitation all remaining inventory of the Infringing Work and any products and works that embody any reproduction or other copy or colorable imitation of the Copyrighted Work, as well as all means for manufacturing them.

5. That Defendant, at its own expense, be ordered to recall the Infringing Work from any distributors, retailers, vendors, or others that have distributed the Infringing Work on Defendants' behalf, and any products, works or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, and that Defendant be ordered to destroy or deliver up for destruction all materials returned to it.

6. Awarding Plaintiff:

    a. Defendants' profits obtained as a result of Defendants' infringing conduct, including but not limited to all profits from sales and other exploitation of the Infringing Work and any products, works, or other materials that include, copy, are derived from, or otherwise embody the Infringing Work or the Copyrighted Work, or in the Court's discretion, such amount as the Court finds to be just and proper;

    b. Damages sustained by Plaintiff as a result of Defendants' infringing conduct, in an amount to be proven at trial;

    c. Should Plaintiff so elect, statutory damages pursuant to 17 U.S.C. § 504(c) instead of actual damages or profits; and

    d. Plaintiff's reasonable attorneys' fees and costs pursuant to 17 U.S.C. § 505.

7. Awarding Plaintiff interest, including pre-judgment and post-judgment interest, on the foregoing sums.

8. Awarding such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable encompassed by all Counts of the Complaint.

Respectfully submitted,

Dated: February 13, 2025      **ZARLEYCONLEY PLC**

By:   /s/John D. Gilbertson
John D. Gilbertson, AT0014515
580 Market Street, Suite 101
West Des Moines, IA 50266
Telephone: (515) 558-0200
Facsimile: (515) 558-7790
jgilbertson@zarleyconley.com
**ATTORNEY FOR PLAINTIFF**